Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

**Hoshiar SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74900.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Before: LEAVY, McKEOWN and GOULD, Circuit Judges.

MEMORANDUM **

Hoshiar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005), and we deny the petition.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Singh challenges the IJ's denial of asylum based on an adverse credibility determination. Substantial evidence supports the IJ's adverse credibility determination because the IJ offered specific, cogent reasons for questioning Singh's credibility, including Singh's unfamiliarity with the proper name of a candidate he claimed to have campaigned for, and Singh has not shown that the evidence compels a conclusion to the contrary. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Because Singh's claim under the CAT is based on the same facts that the IJ found to be not credible, and Singh points to no other evidence the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**